THE STATE OF OHIO, APPELLANT, *v.* WIDNER, APPELLEE.

[Cite as State v. Widner (1982), 69 Ohio St. 2d 267.]

(No. 81-1825—Decided February 19, 1982.)

**268**

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John B. Gibbons,* for appellant.

*Mr. George L. Nyerges,* for appellee.

*Per Curiam.* R. C. 2923.03 provides in part:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) *Aid* or abet another in committing the offense." (Emphasis added.)

R. C. 2903.02 provides in part:

"(A) No person shall *purposely* cause the death of another." (Emphasis added.)

R. C. 2901.22 provides in part:

"(A) A person acts purposely when it is his *specific intention* to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his *specific intention* to engage in conduct of that nature." (Emphasis added.)

Finally, R. C. 2923.02 defines "attempt" as:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

Thus, reading the foregoing statutes *in pari materia,* in order to convict appellee of attempted murder, the prosecution

had to prove, beyond a reasonable doubt, that: (1) appellee and the passenger had the specific intention, or purpose, to kill Brooks and Scanlon, and (2) appellee somehow aided the passenger in committing the offense of attempted murder.

Appellee contends—and we agree—that the mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor. See, generally, 21 American Jurisprudence 2d 324, Criminal Law, Section 167; *Columbus* v. *Russell* (1973), 39 Ohio App. 2d 139.

However, as the facts show, appellee was much more than a passive spectator who was "merely present" at the scene of the gun battle. Rather, the record demonstrates that appellee actively assisted his brother in the attempted murders. Therefore, for the reasons that follow, we reverse the judgment of the Court of Appeals and reinstate appellee's convictions for two counts of attempted murder.

Under controlling precedent of the United States Supreme Court, Officer Brooks' investigative stop of appellee and his brother was lawful. The totality of the circumstances, particularly the covered license plate, demonstrated the requisite, specific, articulable facts which justified a reasonable suspicion that appellee and his brother were involved in criminal activity. *Terry* v. *Ohio* (1968), 392 U. S. 1. See, also, *Brown* v. *Texas* (1979), 443 U. S. 47.

There is sufficient evidence, direct and circumstantial, in this record from which a jury could infer that appellee knew that his brother was in possession of a gun at the time Officer Brooks began questioning the two men. During this questioning appellee: (1) failed to comply with the police officer's directions to turn off the car motor and produce some identification, and (2) evaded a proper investigative stop by driving the car away.

When the passenger pointed and fired the gun at the policeman and the security guard, appellee, the driver, failed to terminate the flight. Instead, appellee, with the full knowledge that a firearm was being discharged by the passenger, continued to drive away. These intentional evasive actions by the appellee clearly aided the passenger in the attempted murder of Brooks and Scanlon.

Given the fact that a firearm is an inherently dangerous instrumentality, the use of which is reasonably likely to produce death, see *State* v. *Lockett* (1976), 49 Ohio St. 2d 48, paragraphs three and four of the syllabus, we believe that, based on the entire record, a jury could reasonably infer that appellee: (1) formed the specific intention to commit murder, and (2) aided his brother in the commission of the charged offenses.

The jury's verdict—guilty of two counts of attempted murder—unambiguously demonstrates that the prosecutor proved each element of attempted murder beyond reasonable doubt. As such, we see no reason to disturb the finding of the jury. *State* v. *Eley* (1978), 56 Ohio St. 2d 169.

For all the foregoing reasons, the judgment of the Court of Appeals is reversed and the sentence of the trial court ordered into execution.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.