[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Keith Mack, appeals from his conviction, following a trial by jury, of one count of robbery, a violation of R.C. 2911.02(A)(2). In his two assignments of error, he challenges the weight and sufficiency of the evidence supporting his conviction.
The case against Mack included the testimony of Dervous Hendricks, one of three alleged perpetrators of a purse-snatching robbery outside of a nightclub. According to Hendricks, he, Mack, and Andre Thomas were waiting outside the nightclub in a van driven by Mack when Mack signaled to Thomas by nodding his head toward the victim of the robbery, who had just emerged from the nightclub. Hendricks testified that he and Thomas then got out of the van and Thomas stole the victim's purse. Hendricks testified that the two of them then ran off, later meeting up with Mack, who drove them to his apartment building, where Mack divided up the money for the trio. Hendricks testified that Mack also alerted he and Thomas to the presence of the police in the apartment building and advised them to stay hidden in the basement.
Mack argues that this evidence shows only that he was in the van, and that there is no evidence that he aided and abetted the robbery. This argument is feckless since a rationale trier of fact would be hard-pressed to ignore the conclusion that Mack was an active participant in the robbery, both before and after the fact. Certainly there was evidence that Mack was more than merely present at the scene of the crime. See State v. Widner (1982),69 Ohio St.2d 267, 431 N.E.2d 1025. As even Mack acknowledges, aiding and abetting can be proven by circumstantial evidence and can be inferred from "presence, companionship, and conduct before and after the offense is committed." State v. Cartellone (1981),3 Ohio App.3d 145, 150, 444 N.E.2d 68, 74. The testimony that Mack drove the getaway vehicle, signaled the victim, drove the accomplices to his apartment building, and then helped to conceal his accomplices from the police, was clearly sufficient to support his conviction for robbery. Furthermore, we cannot say that in reaching a verdict of guilt the jury either lost its way or committed a manifest miscarriage of justice. State v. Thompkins
(1997), 78 Ohio St.3d 380, 578 N.E.2d 541 [678 N.E.2d 541].
Therefore, Mack's two assignments of error are overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SUNDERMANN, JJ.