Shawn BRUST, Petitioner–Appellant,

v.

Christine MONEY, Warden, Respondent–Appellee.

No. 02–4077.

United States Court of Appeals, Sixth Circuit.

June 4, 2004.

Max Kravitz, Kravitz & Kravitz, Columbus, OH, for Petitioner–Appellant.

M. Scott Criss, Asst. Atty. General, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

BEER, District Judge.

Petitioner Shawn Brust appeals the District Court's order dismissing his petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that he was unconstitutionally denied potentially exculpatory evidence and that the evidence was constitutionally insufficient to sustain his conviction. For the reasons discussed below, we find that Brust's arguments are without merit and affirm the District Court's dismissal.

I. Shawn Brust was convicted of murder and sentenced to 15 years to life. He appealed his conviction to Ohio's appellate court and to the Ohio Supreme Court. The Ohio Supreme Court dismissed his appeal. Brust then filed this habeas corpus petition and the Magistrate Judge found that he had procedurally defaulted on his first claim and that his subsequent claims were without merit. The District

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Court adopted the Magistrate's Report and dismissed Brust's petition, but granted him a certificate of appealability on two claims.

II. Petitioner asserts that he was denied a fair trial in violation of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when the prosecutor failed to disclose that gunshot residue samples had been collected from the petitioner's car. Due to a backlog at the state laboratory, testing on the gunshot residue was never conducted and petitioner did not learn of the availability of the samples until midway through the trial. Petitioner objects to the Magistrate Judge's conclusions, asserting that the Supreme Court's decision in *Arizona v. Youngblood,* 488 U.S. 51, 57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), was improperly applied, and that the gunshot residue samples constituted material and exculpatory evidence. Petitioner further asserts that the state court's decision denying this claim constitutes an unreasonable application of federal law pursuant to *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) and 28 U.S.C. § 2254(d), (e).

■ The Magistrate's Report found that no tests were performed on the swabs, so whether the evidence was exculpatory was not known. Moreover, petitioner was convicted of the lesser charge of murder without the drive-by specification. Whether or not petitioner shot the victim from his car was irrelevant to the conviction, and therefore, cannot be material to his guilt. *See Brady,* 373 U.S. at 87, 83 S.Ct. 1194 ("Suppression by the prosecution of evidence favorable to an accused, upon request, violates due process where the evidence is material either to guilt or punishment."). The District Court concluded that federal habeas corpus relief was not justified. We agree with that determination.

■ III. Brust argues that the evidence was insufficient to permit a rational trier of fact to find him guilty beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). First, he contends that the evidence was insufficient to establish intent. The specific intent to kill may be reasonably inferred from the fact that a firearm is an inherently dangerous instrument, the use of which is likely to produce death. *State v. Widner* 69 Ohio St.2d 267, 431 N.E.2d 1025 (1982); *State v. Dunlap* 73 Ohio St.3d 308, 652 N.E.2d 988 (1995). The state court reviewed the trial evidence that Brust told a bartender he was going to get his gun, go back to Urbancrest and get his drugs or his money. Brust returned to the pawn shop, redeemed the gun, and then went to Urbancrest, where the victim was struck with a bullet from the revolver shot from two to three feet away.

Second, Brust contends that the evidence was insufficient to establish causation based on proof that paramedics did not properly treat the victim at the scene. The state court noted that, although there was conflicting testimony about the appropriateness of the victim's treatment, there was also expert testimony about the nature of the wound and that it was the cause of death. The state court's opinion that the evidence was sufficient to sustain Brust's murder conviction was correct. *See Jackson* at 324–26, 99 S.Ct. 2781.

IV. Accordingly, for these reasons, we AFFIRM the District Court.