JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Haroun Moore, appeals from the judgment of the Cuyahoga County Common Pleas Court, rendered after a jury verdict, finding him guilty of drug trafficking and possession of drugs, and sentencing him to 11 months incarceration. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that the Cuyahoga County Grand Jury indicted Moore on four counts of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. During trial, the State dismissed four of the six counts; Moore was then convicted of the two remaining counts.
 {¶ 3} Three witnesses testified for the State at trial. Cleveland police detective Dona Feador testified that at approximately 1:00 p.m., on June 25, 2003, she was working undercover with her partner, Detective Theresa Mandzak, in the area of East 105th Street and Drexel, in response to citizen complaints of drug activity in the area.
 {¶ 4} Feador testified that as she and Mandzak drove north on East 105th, a male standing on the corner made eye contact with her and whistled. When Feador stopped the car, the male, later identified as Moore, and another male, approached the driver's side window. Moore leaned in and said, "Hey, baby, what you looking for?" When Feador asked him if he had a "20-piece," ($20 of crack cocaine), Moore responded, "Yeah, I got what you need." He then asked her if she wanted any marijuana or heroin. After Feador told Moore she only wanted a 20-piece, Moore asked her and Detective Mandzor if they wanted to get together later and party. Moore then asked Feador if she was sure she did not want heroin. When she responded again that she only wanted $20 of crack cocaine, Moore told her that he would go get it.
 {¶ 5} Feador testified that Moore and the other male then walked to a nearby vacant lot and Moore reached into a paper bag on the ground. When both men returned to the vehicle, Moore showed Feador a rock of crack cocaine in his hand. Detective Mandzak then handed Feador a marked $20 bill and Feador handed the money to Moore, who gave it to the other male. After the unidentified male walked away, Moore gave Feador his cell phone number and then Feador and Mandzak drove away.
 {¶ 6} Feador testified that she then radioed the officers in a nearby "take-down" unit to advise them that she and Mandzak had just made a drug buy. According to Feador, a short time later, she and Mandzak discreetly drove by the takedown officers and confirmed that they had the correct suspect in custody.
 {¶ 7} Detective Mandzak's testimony mirrored Feador's, except Mandzak testified that Moore reached into a "potato chip bag" to get the cocaine. Mandzak also testified that she and Feador identified Moore in a cold stand, after the takedown officers brought him to them.
 {¶ 8} Cleveland police detective Anthony Goolsby testified that he worked as the "spotter" for Detectives Feador and Mandzak on June 25, 2003. According to Goolsby, he was parked in an undercover vehicle approximately 100-150 feet away from the detectives' car. He observed two black males approach their vehicle and saw one of the men engage in conversation with the detectives. Goolsby testified that he could not see what exchange occurred at the car, but after a few minutes, he saw the detectives drive away, and then saw one of the males begin walking toward him. After one of the detectives radioed that the buy was good, Goolsby saw the takedown officers apprehend Moore.
 {¶ 9} After the trial court denied Moore's Crim.R. 29 motion for acquittal, the jury found him guilty of both drug trafficking and drug possession.
 {¶ 10} In his first assignment of error, Moore contends that the trial court erred in denying his Crim.R. 29 motion for acquittal because the evidence was insufficient to support his convictions.
 {¶ 11} Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} Moore was convicted of drug trafficking and drug possession. R.C. 2925.03, regarding drug trafficking, provides that "no person shall knowingly * * * sell or offer to sell a controlled substance." R.C.2925.11, regarding possession of drugs, provides that "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 13} Moore contends that the evidence was insufficient to support his convictions because there were various inconsistencies in the detectives' testimony. For example, Detective Feador testified that Moore reached into a "paper bag" and returned to the car with a rock of crack cocaine in his hand, while Detective Mandzak testified that Moore reached into a "shiny, yellow and silver, potato chip bag." In addition, Detective Feador testified that she and Detective Mandzak drove by the takedown unit after those officers had apprehended Moore and discreetly confirmed that Moore was the individual who had sold them drugs, while Mandzak testified that they identified Moore in a cold stand, after the takedown officers had brought him to their location. Moore also contends that Detective Goolsby's testimony that he saw two males walk up to the detectives' car, but then did not see the transaction take place, is inconsistent.
 {¶ 14} Despite these inconsistencies, construing the evidence in a light most favorable to the prosecution, we hold that the State presented sufficient evidence such that a rational finder of fact could have found all of the elements of each offense proven beyond a reasonable doubt. In fact, Detective Feador's testimony that Moore sold her $20 of crack cocaine, if believed, is sufficient in itself to establish all of the elements of each offense; i.e., that Moore possessed drugs and sold them to her.
 {¶ 15} Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390. When considering an appellant's claim that the conviction is against the weight of the evidence, the reviewing court sits, essentially, as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony.'" Thompkins, supra at 387, quoting Tibbsv. Florida (1982), 457 U.S. 31, 42. The reviewing court must examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the fact finder, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins,78 Ohio St.3d at 376, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 17} In his second assignment of error, Moore argues, for the same reasons set forth in assignment of error one, that his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 18} The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Although there were some minor inconsistencies in the testimony, our review of the record indicates that Detectives Feador and Mandzak testified consistently regarding Moore's offer to sell Feador drugs and his sale of crack cocaine to her. In addition, Detective Goolsby testified that he saw Moore approach the detectives' car and then saw the takedown officers arrest him as he walked away. Accordingly, after reviewing the entire record, weighing the evidence and considering the credibility of the witnesses, we are not persuaded that the jury lost its way and created such a miscarriage of justice that Moore's convictions must be reversed.
 {¶ 19} Appellant's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Gallagher, J., concur.