{¶ 17} I respectfully dissent from the majority finding in this case. I would affirm the conviction and overrule both assignments of error.
 {¶ 18} The majority notes that Ms. Pinson's written statement does not reference T.K.'s purported comments calling on his brother to "shoot the mother f***." Testimony elicited through direct and cross-examination invariably reveals more about the facts and circumstances of an event than a written statement prepared prior to trial. Here, Ms. Pinson's written statement, typed by a police officer and signed by her, was limited to one page. The written statement never referenced T.K.'s role in these events.
 {¶ 19} Although the trial court may have expressed some confusion over who was the specific target of the gunfire, this is not fatal to the court's ultimate finding of delinquency. The court did find that T.K. acted specifically to harm someone and that a member of the gang had a weapon on the scene. The doctrine of transferred intent indicates that where an individual is attempting to harm one person and as a result accidentally harms another, the intent to harm the first person is transferred to the second person and the individual attempting harm is held criminally liable as if he both intended to harm and did harm the same person. See State v. Jones, Cuyahoga App. No. 80737, 2002-Ohio-6045, citing State v. Mullins (1992), 76 Ohio App.3d 633. Although the transferred intent doctrine would not be applicable to Pinson's wounds if she was T.K.'s target, it is applicable for T.K. in relation to the shooting of Pinson's nephew.
 {¶ 20} Further, under the principle of aiding and abetting, the court's finding is proper. The Supreme Court of Ohio has applied the common legal meaning to the term "aid and abet." "Ohio's complicity statute, R.C. 2923.03, does not provide a definition of the terms `aid or abet.' As a result, this court is now called upon to provide a definition. Black's Law Dictionary defines `aid and abet' as `to assist or facilitate the commission of a crime, or to promote its accomplishment.' Black's Law Dictionary (7 Ed.Rev. 1999) 69." State v.Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336.
 {¶ 21} Many courts have relied on the view that an "aider and abettor" is "one who assists or encourages another to commit a crime, and participates in the commission thereof by some act, deed, word, or gesture." State v. Sims (1983), 10 Ohio App.3d 56, paragraph two of the syllabus; R.C. 2923.03(A)(2). Further, "[a] person cannot be convicted of aiding and abetting a principal offender in the commission of an offense in the absence of evidence that the person assisted, incited or encouraged the principal to commit the offense." Id. at paragraph three of the syllabus. "[T]he mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." State v. Widner (1982), 69 Ohio St.2d 267, 269. "This rule is to protect innocent bystanders who have no connection to the crime other than simply being present at the time of its commission."Johnson, 93 Ohio St.3d at 243.
 {¶ 22} Here T.K. is much more than a mere bystander at the scene. Even the majority acknowledges he was, at a minimum, an active participant in an aggravated riot. Although this record is admittedly confusing and complicated by conflicting testimony, there is evidence in the record that T.K. actively encouraged someone in his gang to shoot at one member of those associated with Ms. Pinson on the porch. The finder of fact can believe some, none, or all of the testimony of a particular witness. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. Moore, Cuyahoga App. No. 84655, 2005-Ohio-888, citing State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 23} Finally, the question of whether T.K. can be convicted and sentenced on the firearm specifications as an aider and abettor must be answered in the affirmative. An unarmed accomplice may be convicted and sentenced pursuant to a firearm specification. State v. Hickman, Stark App. No. 2003-CA-00408, 2004-Ohio-6760. See, also, State v. Hanning,89 Ohio St.3d 86, 92, 2000-Ohio-436.
 {¶ 24} For these reasons, I would overrule both assignments of error and affirm the decision of the trial court.