The STATE of Ohio, Appellee,

v.

JORDAN, Appellant.

[Cite as *State v. Jordan,* 168 Ohio App.3d 202, 2006-Ohio-538.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85817.

Decided Feb. 9, 2006.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellee.

Lynn D. Loritts, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Wendy Jordan, appeals her conviction for drug trafficking. Finding merit to the appeal, we reverse the judgment and vacate her conviction.

{¶ 2} In 2002, Jordan was charged with drug possession and two counts of drug trafficking. Following a bench trial, the court dismissed the drug possession charge and one count of drug trafficking. However, the court found her guilty of drug trafficking pursuant to R.C. 2925.03(A)(1).

{¶ 3} Jordan appeals her conviction, raising two assignments of error. Because we find her first assignment of error dispositive, it will be addressed first.

{¶ 4} In her first assignment of error, Jordan argues that there was insufficient evidence to support her conviction for drug trafficking.

{¶ 5} The standard of review with regard to the sufficiency of evidence is set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus:

Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.

*Bridgeman* must be interpreted in light of the sufficiency test outlined in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶ 6} In the instant case, Jordan was charged with drug trafficking pursuant to R.C. 2925.03(A)(1), which provides that no person shall knowingly sell or offer to sell a controlled substance. The trial court found Jordan guilty of drug trafficking as an aider and abettor.

{¶ 7} Ohio's complicity statute, R.C. 2923.03(A), provides:

No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

\* \* \*

(2) Aid or abet another in committing the offense.

{¶ 8} In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. *State v. Sims* (1983), 10 Ohio App.3d 56, 10 OBR 65, 460 N.E.2d 672. "[T]he mere presence of an accused at the scene of the crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner* (1982), 69 Ohio St.2d 267, 269, 23 O.O.3d 265, 431 N.E.2d 1025. Additionally, even if the accused has knowledge of the commission of the crime, his presence at the scene is not enough to convict him of aiding and abetting. *State v. Cummings* (Apr. 21, 1992), Franklin App. No. 90AP–1144, 1992 WL 82783, citing *United States v. Head* (C.A.6, 1991), 927 F.2d 1361, 1373; *State v. Woods* (1988), 48 Ohio App.3d 1, 2, 548 N.E.2d 954. A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. *State v. Johnson* (2001), 93 Ohio St.3d 240, 245–246, 754 N.E.2d 796. "Such intent may be inferred from the circumstances surrounding the crime." Id. at 246, 754 N.E.2d 796.

{¶ 9} Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed. *State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 444 N.E.2d 68, citing *State v. Pruett* (1971), 28 Ohio App.2d 29, 34, 57 O.O.2d 38, 273 N.E.2d 884.

{¶ 10} Jordan argues that there is insufficient evidence to prove that she acted "knowingly." We agree.

{¶ 11} To constitute aiding and abetting, there must be some evidence demonstrating that Jordan took some active role in the drug transaction. Officer Darren Roberts testified that he utilized a confidential reliable informant ("CRI") in the area of 116th Street to locate potential drug sellers. Roberts stated that he dropped off the CRI at 116th Street and watched as the CRI entered a convenience store. Once inside the store, the CRI approached Jordan. After a brief conversation, they exited the store, and the CRI approached a male standing outside. Roberts testified that Jordan was "standing there" while the CRI spoke to the male and made a drug buy. When asked about Jordan's activity during the buy, Roberts admitted that Jordan made no movements.

{¶ 12} Reviewing Roberts's testimony, we find absolutely no evidence to prove that Jordan knowingly sold or offered to sell drugs. There is no evidence as to what Jordan and the CRI discussed inside the store, nor is there any evidence indicating that Jordan acted as a lookout during the drug buy. Mere presence is not enough to constitute aiding and abetting. Without evidence of some act showing that Jordan assisted in the sale, there is insufficient evidence to convict her of drug trafficking. Although one may speculate or infer that Jordan aided and abetted in the drug transaction, mere speculation is not enough.

{¶ 13} Therefore, we find insufficient evidence to support Jordan's conviction for drug trafficking. Accordingly, her first assignment of error is sustained, and her second assignment of error is rendered moot.

The judgment is reversed, and the conviction is vacated.

Judgment reversed.

SWEENEY, P.J., concurs.

CORRIGAN, J., dissents.

MICHAEL J. CORRIGAN, Judge, dissenting.

{¶ 14} The majority accurately sets forth the very deferential standard of review in appeals relating to the sufficiency of the evidence. That standard of review becomes even more deferential in cases in which the indictment is tried to the court, and the court explains the rationale for its judgment of conviction.

{¶ 15} When the court stated its judgment on the record, it noted that the informant's presence at the convenience store had been for the sole purpose of buying drugs. While the detective did not hear the conversation between Jordan and the informant, the court inferred that it had to be drug-related because they had left the store together after a "brief" conversation, and Jordan appeared to

introduce the informant to the seller. The court knew that the informant entered the store for the sole purpose of buying drugs. When Jordan took the informant and introduced him to the seller, and a transaction concededly took place, the only inference permitted by the circumstantial evidence is that she facilitated the sale.

{¶ 16} This is an important point, for we are required to view the probative evidence and inferences reasonably drawn therefrom in a light most favorable to the state. See *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 247, 714 N.E.2d 867. Even the majority concedes that "one may speculate or infer that Jordan aided and abetted in the drug transaction." This would be a very reasonable inference because Jordan offered no evidence of her own; hence, any other conclusion would be pure conjecture.

{¶ 17} Having conceded that an inference of aiding and abetting existed on the record, our review must end lest it usurp the trier of fact's essential function. Because the majority disregards its limitations on appellate review, I must respectfully dissent.