City of Columbus, Appellee, *v.* Russell, Appellant.
(Two cases.)

(Nos. 73AP-297 and 73AP-369—Decided
December 18, 1973.)

*Mr. James J. Hughes, Jr.*, city attorney, *Mr. Daniel W. Johnson*, city prosecutor, and *Mr. James K. Hunter*, for appellee.

*Mr. Roy F. Martin*, director, Legal Aid and Defender. Society, and *Mr. Max Kravitz*, for appellant.

Holmes, J. This is an appeal of a conviction of the defendant, the appellant herein, in the Franklin County Municipal Court, where he had been charged with aiding and abetting a petit larceny.

The facts of the matter, in brief, are that the defendant, along with two other men who were known by this defendant, were walking in a certain part of the city of Columbus. The complaining witness at trial said he saw one of the men jump upon the witness's bicycle and ride off.

The witness stated that he "didn't see the defendant do anything." The defendant was asked by the owner of the bicycle who the man was that rode off with the bicycle, but the defendant did not answer.

Upon the trial hereof to the court, the latter found the defendant guilty of aiding and abetting the petit larceny.

As much as we may feel that the defendant may have been aware of the fact that one of his acquaintances was

about to take a bicycle that did not belong to him, and as much as we might deplore the fact that he would not assist the owner by giving information as to who the culprit might be in order to aid in the return of this bicycle, we still must adhere to the requirements of the law and in doing so must find this defendant not guilty of the offense charged.

Here, there must be proven beyond a reasonable doubt that the defendant had, in some way, participated in, or been a part of, the act committed. As stated within 15 Ohio Jurisprudence 2d 315, Criminal Law, Section 52:

"In the absence of a conspiracy or some preceding connection with the transaction, one does not aid and abet if he merely sees a crime being committed. Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act." (Citing *Smith* v. *State*, 41 Ohio App. 64.)

Here we find no aiding and abetting in the sense of the crime charged. The defendant's mere presence at the scene, or his acquaintance with the one committing such crime, in and of itself is not proof sufficient for this conviction. We see little more than this in the record.

Assignment of error number one as well as assignment of error number two are well taken. The judgment of the lower court is hereby reversed, and this defendant is discharged.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.