THE STATE OF OHIO, APPELLEE, *v.* WOODS, APPELLANT.

(No. 83AP-298—Decided November 10, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. James Kura,* county public defender, and *Ms. Barbara J. Slutsky,* for appellant.

NORRIS, J. Defendant, Joseph Woods, appeals his convictions of aggravated murder and aggravated robbery, following a bench trial.

Theron Hale testified that he and defendant went to an after-hours drinking establishment where defendant joined in a dice game involving the victim, Calvin White; that during the game defendant purchased a .357 Magnum pistol; that defendant and White argued over money; that the game continued until about 8 or 9 a.m., when White offered him and defendant a ride in his automobile; that the three left with White driving; that he asked White to stop the automobile so he could urinate; that while he was out of the car he heard White say, "You have got my money, you have got my car, what more do you want?", followed by a gunshot; that defendant opened a car door and told him to get in and drive; that he considered running but thought defendant might shoot him; and that he drove the car to an open field where he and defendant fled, leaving White in the automobile.

Witnesses who had been at the after-hours establishment testified that the dice game had involved a considerable amount of money and White had been winning and defendant losing, and that White was wearing a gold watch and diamond ring at the time. Police officers testified that when they discovered White's body, his wallet was empty and he was not wearing a ring or watch. A deputy coroner testified that the bullet wound which caused White's death was inflicted by a large caliber weapon.

At the close of the state's case, defendant moved for his acquittal on the ground that Hale was an accomplice, that the state had not corroborated his testimony as required by R.C. 2923.03(D), and that, as a result, there was insufficient evidence to support a conviction. The motion was overruled.

Defendant testified on his own behalf, denying the crime, and offering an alibi which was supported by other defense witnesses.

Defendant raises three assignments of error:

"1. The trial court erred in overruling the Criminal Rule 29 motion for acquittal because the court erred in ruling a witness was not an accomplice and erred in admitting such testimony. Moreover the testimony of such witness, was not supported by sufficient, corroborating evidence. This deprived appellant of a fair trial and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

"2. Appellant's convictions were not supported by sufficient credible evidence and were against the manifest weight of the evidence and the circumstantial evidence relied upon by the state was not irreconcilable with a reasonable theory of innocence.

"3. The trial court abused its discretion in denying appellant's request for a continuance prior to trial."

R.C. 2923.03(D) provides that:

"No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

Although a literal reading of the statute would seem to preclude application of the corroboration rule where the defendant was the principal offender and therefore not charged with complicity, the Supreme Court has applied the corroboration rule to principal offenses, as well as to complicity offenses. *State* v. *Pearson* (1980), 62 Ohio St. 2d 291 [16 O.O.3d 332]. That application would appear to be grounded upon the sound logic that, where accomplices proceeded with a common purpose to commit a crime, the public policy served by the statute in recognizing the inherent infirmities present where testimony later is sought to be given by one accomplice in support of the prosecution of the other, applies whether the accomplice on trial is charged with the principal offense or with a complicity offense.

Although we find no definition in Ohio case law of the term "accomplice" as utilized in R.C. 2923.03(D), it is apparent that the General Assembly provided one in the course of defining the offense of complicity in R.C. 2923.03(A).[1] In other words, an "accomplice" is a person who could be indicted and punished for complicity; if he could, then his testimony

---

[1] "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) Aid or abet another in committing the offense;

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

"(4) Cause an innocent or irresponsible person to commit the offense." (R.C. 2923.03[A].)

against his fellow accomplice must be supported by other evidence.

Under the state of the record, we are unable to say that the trial court's view of the evidence concerning Hale's involvement was unreasonable. Clearly, the trial court, as trier of the facts, was warranted in concluding that Hale had not solicited or procured or conspired with defendant to commit the offenses, had not caused him as an innocent or irresponsible person to commit the offenses, and had not knowingly assisted him in their commission as an aider or abettor. See *Columbus* v. *Russell* (1973), 39 Ohio App. 2d 139 [68 O.O.2d 327]; *In re Skeens* (Feb. 25, 1982), Franklin App. Nos. 81AP-882 and -883, unreported. The first assignment of error is overruled.

In view of our disposition of the first assignment of error, there clearly was sufficient evidence to support the convictions.

However, even if Hale were to be deemed an accomplice, defendant's conviction would not run afoul of R.C. 2923.03(D), since Hale's testimony was supported by other evidence, within the contemplation of that statutory requirement. As we noted in *State* v. *Milo* (1982), 6 Ohio App. 3d 19, at 24:

"* * * It is not necessary that the crime be proved independently of the testimony of the accomplice, or that the testimony of the accomplice be corroborated in every particular, but only that there be circumstantial evidence, or testimony of some other witness, tending to connect defendant with the crime and to prove some of the material facts testified to by the accomplice. * * *"

Witnesses corroborated Hale's testimony concerning defendant's purchase of a gun, his argument with the victim, and his leaving with Hale and the victim. In addition, a witness testifed that he saw two men (one wearing the same color pants defendant and Hale said defendant was wearing) running from the victim's automobile at approximately the same time as testified to by Hale.

Although an appellate court will reverse a conviction which relies upon circumstantial evidence where that evidence is insufficient to enable the trier of fact to exclude a reasonable hypothesis of innocence, the reasonableness of the theory of innocence is primarily for the trier of fact. Here, we are unable to say that the evidence is insufficient as a matter of law to have enabled the trial court to exclude defendant's theory of innocence. See *State* v. *Graven* (1978), 54 Ohio St. 2d 114, at 119 [8 O.O.3d 113]. The second assignment of error is overruled.

Similarly, we are unable to say that the trial court abused its discretion in denying defendant a trial continuance, especially in view of his having been responsible for any lack of preparation on the part of his counsel, and his having failed to demonstrate how his cause was prejudiced by the lack of a continuance. The third assignment of error is overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.