OPINION *Page 2 
{¶ 1} Appellant Michael D. Shrider appeals from his convictions for aggravated robbery and robbery in the Court of Common Pleas, Licking County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On Easter Sunday, April 8, 2007, Daniel Hawk hosted a get-together at his apartment located at 312 Hudson Avenue in Newark, Ohio. Appellant Shrider, who used the nickname "Day-Day," was in attendance, although Hawk apparently had not met him before. One of the guests, Leonard David Fulton, was approached by another guest, Bradley Oiler, who inquired about purchasing a gun. Fulton, who lived in another apartment in the building, retrieved a 9mm pistol and returned to Hawk's apartment. At about that point, the two females who had been at the party, Megan Smith and Jessica Stokes-Benhaida, decided to leave for awhile to go to a nearby convenience store. In the meantime, Fulton allowed Oiler to view the pistol. Oiler then asked to see the loaded ammunition clip, which Fulton was reluctant to permit. However, Fulton agreed to let appellant look at the clip instead.
 {¶ 3} Although Fulton had verbally stated that he did not want Oiler to have the pistol and ammo together, appellant eventually gave the clip to Oiler, who proceeded to load the clip into the gun. Oiler then cocked the pistol, pointed it at Fulton's face, and announced "this is mine now, bitch."
 {¶ 4} Oiler then ordered Fulton and Hawk to put their personal items on the floor. Appellant then gathered up the items, which included a cell phone and cash, and exited the apartment along with Oiler and Nicholas Stokes, another party attendee. The three men got outside and met up with Megan Smith and Jessica Stokes-Benhaida, *Page 3 
who were returning from the store. Appellant thereupon drove the group, in a minivan, to his girlfriend's residence.
 {¶ 5} Fulton meanwhile crawled out a window of the apartment and contacted law enforcement authorities. During the ensuing investigation, Hawk and Fulton, fearing admitting weapon possession with felony records, falsely told the police that Oiler, Stokes, and appellant had brought the gun with them. They later changed this aspect of their recollection of the Easter Sunday events.
 {¶ 6} Investigating officers eventually tracked down appellant. Detective Steve Vanoy spoke with appellant briefly a few days after the incident in question. Appellant denied being on Hudson Avenue at any time on Easter, and promised to come down to the station to talk later. Appellant never showed up at the station, and it turned out he had given the detective a false cell phone number for follow-up. Police also later interviewed appellant following a traffic stop.
 {¶ 7} On April 27, 2007, the Licking County Grand Jury indicted appellant on one count of aggravated robbery (R.C. 2911.01(A)(1)), a felony of the first degree, and one count of robbery (R.C. 2911.02(A)(2)), a felony of the second degree. Each count contained a firearm specification under R.C. 2941.145.
 {¶ 8} Appellant appeared with counsel on May 7, 2007, and entered a plea of not guilty to all charges. The matter proceeded to a jury trial on August 14 and 15, 2007. The court gave instructions to the jury on complicity, at the State's request. The jury found appellant guilty on both counts in the indictment, with the firearm specifications.
 {¶ 9} On August 15, 2007, appellant was sentenced to five years in prison on the merged counts, with an additional three years on the firearm specification. *Page 4 
 {¶ 10} Appellant filed a notice of appeal on September 4, 2007. He herein raises the following three Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR BY ADMITTING TESTIMONY OF THE APPELLANT'S PRE-ARREST, PRE-MIRANDA SILENCE OVER OBJECTION.
 {¶ 12} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR BY FAILING TO GRANT A REQUESTED LIMITING INSTRUCTION ON HEARSAY EVIDENCE.
 {¶ 13} "III. THE EVIDENCE AGAINST THE APPELLANT WAS INSUFFICIENT TO SUSTAIN A JURY VERDICT OF GUILTY FOR AGGRAVATED ROBBERY AND ROBBERY."
 I. {¶ 14} In his First Assignment of Error, appellant maintains the trial court committed reversible error by allowing Detective Vanoy to testify about appellant's initial failure to speak with the police. We disagree.
 {¶ 15} The use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination. State v. Shaffer, Richland App. No. 2003-CA-0108,2004-Ohio-3717, ¶ 19, quoting State v. Leach (2004), 102 Ohio St.3d 135,807 N.E.2d 335, 2004-Ohio-2147. However, the Ohio Supreme Court's focus in Leach centered on police testimony that the defendant had "remained silent and/or asserted his right to counsel in the face of questioning by law enforcement." Leach at ¶ 25. In contrast, the Court specifically recognized that the "[police officer's] testimony that he had made an appointment to meet with Leach to discuss the case but that the appointment was not kept is legitimate."¶ 32. *Page 5 
 {¶ 16} Appellant in the case sub judice directs us to the following exchange during the direct examination of Detective Vanoy:
 {¶ 17} Det. Vanoy: "* * * And I said [to appellant], well, you know, I really want to talk to you. And he said, `Well my sister is on her way over here to pick me up now. She'll bring me down to the station.' And I said, `Now you're sure.' And he says, `Yep. I promise I'll be down to the station.' Obviously, I really wanted to speak with him.
 {¶ 18} "I'm pretty certain I provided him with a card, my business card, and as I was pulling away, I got to thinking about it, because he wasn't real convincing that he was going to show up, I said, `What's your cell phone number?' And Mr. Shrider gave me his cell phone number. And I go down to the station, I wait and wait; Mr. Shrider never shows up to the station.
 {¶ 19} Mr. Stansbury: "Your honor, we'll renew our objection that was made preliminarily. We understand the Court's ruling.[1]
 {¶ 20} The Court: "I'll overrule the objection. Please proceed.
 {¶ 21} Det. Vanoy: "Mr. Shrider never showed up to the station as he promised and I called the cell phone number and it wasn't his cell phone number." Tr. at 260-261.
 {¶ 22} We find the testimony challenged by appellant herein would constitute permissible "course of the investigation" evidence underLeach, because Detective Vanoy, rather than emphasizing any pre-arrest silence or assertion of right to counsel, merely recalled appellant's actions in failing to keep a voluntary appointment with the *Page 6 
detective. Accord State v. Jackson, Cuyahoga App. No. 88345,2007-Ohio-2925, ¶ 30. Furthermore, we have recognized that flight and its related conduct are admissible as evidence that tends to show consciousness of guilt. See, e.g., State v. French, Stark App. No. 2006CA00289, 2007-Ohio-4400.
 {¶ 23} Accordingly, the trial court did not err or abuse its discretion in allowing the detective's aforesaid testimony. Appellant's First Assignment of Error is overruled.
 II. {¶ 24} In his Second Assignment of Error, appellant maintains the trial court committed reversible error in declining to grant a limiting instruction on the detective's alleged hearsay testimony regarding his investigation. We disagree.
 {¶ 25} It is well-established that a trial court has broad discretion in instructing the jury. State v. Simpson, Franklin App. No. 01AP-757, 2002-Ohio-3717, ¶ 84, citing State v. Smith, Franklin App. No. 01AP-848, 2002-Ohio-1479. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 26} Appellant herein again directs us to an exchange at trial during the direct examination of Detective Vanoy:
 {¶ 27} "Q: What were your next steps in this investigation? *Page 7 
 {¶ 28} "A: Again, we were trying to identify — we ended up speaking again to Vicky Stokes and we learned that Day-Day, a person named Day-Day, was one of the people actively involved, that was reported to be actively involved in the robbery."[2]
 {¶ 29} "* * *
 {¶ 30} "[Defense counsel] Mr. Stansbury: Your Honor, I'll move to strike that based on hearsay.
 {¶ 31} "The Court: Ms. Bond?
 {¶ 32} "Ms. Bond: It's not to prove the truth of the matter asserted, Your Honor. Just in order to show what steps they took next in their investigation.
 {¶ 33} "The Court: I'll overrule the objection. You may proceed.
 {¶ 34} "Mr. Stansbury: Your Honor, we'd at least ask for a limiting instruction.
 {¶ 35} "The Court: It's not offered for the truth. It's offered to explain his actions. Please proceed." Tr. at 258.
 {¶ 36} Hearsay is a statement, other than one made by the declarant while testifying, offered in court as evidence to prove the truth of the matter asserted. Evid. R. 801(C). However, where statements are offered to explain an officer's conduct while investigating a crime, such statements are not hearsay. State v. Blevins (1987), 36 Ohio App.3d 147,149, citing State v. Thomas (1980), 61 Ohio St.2d 223, 232. Moreover, in the case sub judice, the detective's testimony regarding what he had learned from Vicky Stokes about the robbery was cumulative to similar evidence presented to the jury via the other observers of the Easter Sunday events: Fulton, Hawk, Smith, Stokes-Benhaida, and Nicholas Stokes. *Page 8 
 {¶ 37} Accordingly, we find no abuse of discretion in the denial of a limiting instruction in this regard as urged by appellant. Appellant's Second Assignment of Error is overruled.
 III. {¶ 38} In his Third Assignment of Error, appellant maintains his conviction for aggravated robbery and robbery was not supported by sufficient evidence. We disagree.
 {¶ 39} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 40} Ohio's robbery statute, R.C. 2911.02(A)(2), provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Aggravated robbery is defined in R.C. 2911.01(A)(1) and provides that "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * *[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 41} The gist of appellant's argument in the case sub judice is that while Oiler may have been established as the principal offender, the State failed to prove that *Page 9 
appellant aided or abetted the aforesaid offenses. To support a conviction for complicity by aiding or abetting, pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime. State v. Johnson (2001),93 Ohio St.3d 240, 754 N.E.2d 796, syllabus. Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not aiding or abetting. State v. Mullins (1986),34 Ohio App.3d 192, 200, 517 N.E.2d 945, citing Columbus v. Russell (1973),39 Ohio App.2d 139, 140, 316 N.E.2d 897. However, Ohio law recognizes that circumstantial evidence is sufficient to prove the essential elements in a criminal case. State v. Willey (Nov. 24, 1998), Guernsey App. No. 98 CA 6, 1999 WL 3962, citing State v. Hopfer (1996),112 Ohio App.3d 521, 558, 679 N.E.2d 321. "The only notable exception to this principle is where the inference between the facts proven and the facts sought to be proven is so attenuated that no reasonable mind could find proof beyond a reasonable doubt." Id., citing State v. Griffin (1979),13 Ohio App.3d 376, 377-378, 469 N.E.2d 1329.
 {¶ 42} At trial, both Fulton (the victim) and Stokes testified that appellant assisted Oiler by handing him the ammunition clip, despite Fulton's earlier announcements in the apartment that he did not want to allow the others to handle a loaded gun. Appellant admitted to Detective Vanoy that it was "possible" that he gave the ammo clip to Oiler. Thereafter, according to Fulton, appellant grabbed up the cell phone and money which Oiler had ordered Fulton and Hawk to place on the floor. At least two prosecution witnesses testified that appellant then drove the minivan from the scene, with Oiler, *Page 10 
Stokes, Smith, and Stokes-Benhaida as his passengers. Appellant also admitted to Detective Vanoy to being the driver. Trial testimony from Stokes, Smith, and Stokes-Benhaida further established that appellant ultimately drove the car to the safety of his girlfriend's residence.
 {¶ 43} The State thus provided evidence such that reasonable jurors could find beyond a reasonable doubt that appellant engaged in at least three specific steps in cooperation with Oiler's robbery: initially handing over the loaded clip, gathering up the stolen goods, and driving Oiler and the others from the scene. Nothing in the various prosecution witnesses' testimony suggests that appellant acted under threat or duress. We therefore find the existence of sufficient evidence to prove appellant knowingly aided or abetted Oiler in committing the crimes of aggravated robbery and robbery.
 {¶ 44} Accordingly, Appellant's Third Assignment of Error is overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 By: Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Trial counsel had previously filed a Motion in Limine seeking to exclude testimony related to Appellant's failure to appear at the police station for questioning.
[2] Testimony had already been elicited during trial from numerous witnesses that the Appellant's nickname was "Day-Day". *Page 1