[Cite as *State v. Lee*, 2022-Ohio-2656.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Earle E. Wise, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 0076 |
| JAQUAN LEE | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2021 CR 0432

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      August 3, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               CATHERINE MEEHAN
PROSECUTING ATTORNEY                      PATITUCE & ASSOCIATES, LLC
JODIE SCHUMACHER                          16855 Foltz Industrial Parkway
ASSISTANT PROSECUTOR                      Strongsville, Ohio 44149
38 South Park Street, Second Floor
Mansfield, Ohio  44902

*Wise, John, J.*

**{¶1}** Appellant Jaquan Lee appeals his conviction and sentence of the Richland County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 20, 2021, Appellant was indicted on one count of Aiding and Abetting Aggravated Robbery, in violation of R.C. §2911.01(A)(1) and R.C. §2911.01(C), and Receiving Stolen Property, in violation of R.C. §2913.51(A).

**{¶3}** On June 4, 2021, Appellant entered a plea of not guilty.

**{¶4}** On August 10, 2021, the matter proceeded to trial.

**{¶5}** At trial, Officer Nolen testified he was working as a police officer for Shelby Police Department in Richland County on November 30, 2019. He received a call about a robbery of a Verizon store. He then dispatched two officers, Sergeant Bushey and Sergeant Baker. Officer Nolen then received a call from the security company informing Nolen they could track the stolen merchandise. The representative from the security company provided Nolen real time locations of the devices as they were being moved by vehicle. The vehicle stopped after reaching Mansfield, Ohio.

**{¶6}** Next, Ciara Knackstedt-Lue testified she worked at Verizon on November 30, 2019, in Shelby, Ohio. On this day, one man, James White, entered the store, produced a gun, threatened to kill Ms. Knackstedt-Lue, and then forced her to assist him in stealing iPhones. James White then left the store. Ciara then called her district manager, David Wharton, and then waited for the police to arrive.

**{¶7}** Sergeant Cody Baker then testified he was employed as a police officer in Shelby, Ohio on November 30, 2019. Sergeant Baker was dispatched to the Verizon store where he obtained preliminary information from the victim and photographs. Baker then returned to assist dispatch with coordination of the pursuit.

**{¶8}** Later that day, two individuals were detained in connection with the robbery, James White and Jaquan Lee. James White was identified as the man in the photographs robbing the Verizon store; he was still wearing the same clothes that he had on while at the store.

**{¶9}** Sergeant Bushey testified he was also employed as a police officer in Shelby, Ohio on November 30, 2019. He conducted two photo lineups with Ms. Knackstedt-Lue. During the first lineup, Ms. Knackstedt-Lue picked James White out as the man who robbed the Verizon store. During the second lineup which contained a photo of Jaquan Lee, Ms. Knackstedt-Lue failed to identify anyone.

**{¶10}** Sergeant Shane Gearhart of the City of Mansfield, Division of Police testified. He was working on November 30, 2019, when he was informed a robbery had taken place in Shelby, Ohio, and the suspect was in a Chevy Silverado in Mansfield, Ohio. Sergeant Gearhart found James White hiding under a set of stairs to a house and secured him in handcuffs and found a set of keys on him belonging to the truck.

**{¶11}** Officer Heath Underwood also worked as a police officer with the City of Mansfield, Division of Police. He testified that while working on November 30, 2019, he was involved in the investigation of a robbery of a Verizon store in Shelby, Ohio. Based on a physical description of the individual who had robbed the store and the locations of the vehicle given, Officer Underwood identified the car as a Chevy Silverado.

{¶12} Officer Underwood was behind a residence near where the Chevy Silverado was abandoned. Appellant came running in his direction. Officer Underwood ordered Appellant to the ground and detained him. Appellant told Underwood he did nothing wrong. He was on his way back from the store after buying cigarettes. Appellant dropped the cigarettes while running and being ordered down at gunpoint. No cigarettes were recovered, and nothing was on Appellant corroborating that he had been at the store.

{¶13} James White testified he plead guilty to aggravated robbery with a gun specification. He testified he did not know Jaquan Lee.

{¶14} A series of jail calls were played in order to refresh James White's memory. The calls were between James White and his mother and father. After talking about "Quan" getting released with a parole violation, James White's father, Joseph White, asked if he was with "Quan." On the recording James White answered in the affirmative. Then on another call, Joseph White informed James White that "Quan's going to get charged with complicity." On another call Joseph White asked where "Quan was at." James White replies "this is crazy though, I don't even know." Nearly two minutes later in the conversation, Joseph White said, "he was there the whole time though." James White responded, "that's just funny."

{¶15} James White indicated that the playing of the jail calls did not refresh his memory.

{¶16} Joseph White then testified that he did not recall the content of his calls with his son or who Quan is.

{¶17} At the close of Appellee's case, Appellant made a Crim.R. 29 Motion to Acquit Appellant on all charges based upon the testimony. The motion was overruled.

**{¶18}** On August 12, 2021, the jury found Appellant guilty as charged in the indictment.

**{¶19}** On September 20, 2021, Appellant was sentenced to an aggregate minimum term of eleven years to a maximum term of fifteen years in prison and five year of post release control.

## ASSIGNMENTS OF ERROR

**{¶20}** Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

**{¶21}** "I. MR. LEE'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶22}** II. MR. LEE'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶23}** III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL.

**{¶24}** IV. THE TRIAL COURT ERRED IN SENTENCING MR. LEE TO A [sic] 11-15 YEAR TERM OF INCARCERATION.

**{¶25}** V. THE TRIAL COURT ERRED IN IMPOSING AN INDEFINITE TERM AS THE REAGAN TOKES LAW VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION TEN OF THE OHIO CONSTITUTION.

**{¶26}** VI. TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO REMOVE JUROR 37, GUILLERMO GARCIA, FOR CAUSE."

**I.**

**{¶27}** In Appellant's first Assignment of Error, Appellant argues his conviction is not supported by sufficient evidence. We agree.

**{¶28}** On review for sufficiency of the evidence, a reviewing court must examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶29}** R.C. §2923.03, in pertinent part, states:

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(2) Aid or abet another in committing the offense[.]

**{¶30}** R.C. 2911.01, in pertinent part, states:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

{¶31} R.C. 2913.51(A), in pertinent part states, "(A) [n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶32} This Court has previously held, "[m]ere presence of an accused where the crime is committed is not sufficient to establish aiding and abetting, even if the accused knows a crime is being committed or acquiesces in the criminal conduct of others." *State v. Cook*, 5th Dist. Stark No. 98-CA-00133, 1999 WL 4162 (Dec. 21, 1998) citing *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988). In order to support a conviction for complicity by aiding or abetting, the State must show "the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Shrider*, 5th Dist. Licking No. 07 CA 111, 2008-Ohio-3648. "Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not aiding or abetting." *Id*. at ¶41.

{¶33} In *State v. Langford*, 8th Dist. Cuyahoga No. 83301, 2004-Ohio-3733, the Eighth District Court of Appeals addressed the issue of insufficient evidence to support a conviction of Aiding and Abetting an Aggravated Robbery. In *Langford*, the defendant was riding in a vehicle with Johnny Washington. *Id*. They first stopped at a gas station. Washington exited the car and robbed the gas station. *Id*. The pair continued to a convenience store and Mr. Washington committed a second robbery. *Id*. The next day the men were driving again, stopped at another gas station and Mr. Washington again robbed the gas station. *Id*.

**{¶34}** The appellate court found that no evidence was presented that would implicate the defendant "in the commission of these robberies beyond mere presence in the vehicle and association with Washington." *Id.* at ¶23. The Eighth District continued, "[w]hile Langford may have used poor judgment in accompanying Washington, this poor judgment does not amount to criminal activity." *Id.* The evidence showed that Langford was nothing more than "a bystander, merely along for the ride, and his presence at the scene of the crime or association with the offender is not sufficient to prove that he was an aider and abettor." *Id.*

**{¶35}** In the case *sub judice*, taking the evidence in the light most favorable to Appellee, the evidence presented shows that Appellant was found running in the vicinity of the car, and that a man named Quan was with Appellant at the time of the aggravated robbery. The State does not allege, nor does the evidence show any actions on Appellant's part supporting, assisting, encouraging, cooperating with, advising, or inciting the principal in the commission of the crime, or that Appellant received, retained, or disposed of any of the stolen property. Taken in the light most favorable to Appellee, the evidence merely shows Appellant's presence during the crime.

**{¶36}** Accordingly, Appellant's First Assignment of Error is sustained.

**II., III., IV., V., VI.**

**{¶37}** Due to our disposition in Assignment of Error One, Assignments of Error Two, Three, Four, Five, and Six are rendered moot.

{¶38} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.