[Cite as *State v. Washington*, 2024-Ohio-2277.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JULIANA WASHINGTON, | : | Case No. CT2023-0061 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:
Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0220


JUDGMENT:
Reversed and Remanded


DATE OF JUDGMENT:
June 12, 2024


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Baldwin, J.*

**{¶1}** The appellant, Juliana Washington, appeals her conviction and sentence by the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** On April 6, 2023 the Muskingum County Grand Jury indicted the appellant with one count of Engaging in a Pattern of Corrupt Activity with a firearm specification in violation of R.C. §2923.32(A)(1), R.C. §2923.32(B)(1), and R.C. §2941.145, fourteen counts of Theft in violation of R.C. §2913.02(A)(1), R.C. §2913.02(A)(3) and R.C. §2913.02(B)(2), six counts of Petty Theft in violation of R.C. §2913.02(A)(1) and R.C. §2913.02(B)(2), five counts of Possessing Criminal Tools in violation of R.C. §2923.24(A) and R.C. §2923.24(C), four counts of Receiving Stolen Property in violation of R.C. §2913.51(A) and R.C. §2913.51(C), five counts of Identity Fraud in violation of R.C. §2913.49(B)(1) and R.C. §2913.49(I)(2), four counts of Tampering with Evidence in violation of R.C. §2921.12(A)(1) and R.C. §2921.12(B), one count of Felonious Assault with Firearm and Violent Offender specifications in violation of R.C. §2903.11, R.C. §2903.11(D)(1)(a), R.C. §2941.145(A), and R.C. §2941.149(A), two counts of Attempted Theft in violation of R.C. §2923.02, R.C. §2913.02(A)(3), and R.C. §2913.02(B)(2), one count of Forgery in violation of R.C. §2913.31(A)(1), and R.C. §2913.31(C)(1)(b), and one count of Failure to Comply in violation of R.C. §2921.331(B) and R.C. §2921.331(C)(4). The appellant only assigns error regarding her conviction for Felonious Assault (Count Twenty-Eight).

{¶3}   On June 27, 2023, the matter proceeded to a jury trial. At trial, the appellant and her boyfriend, Turk, enlisted several other people, including the victim, to assist them in going to banks and cashing fraudulent checks. The appellant and Turk would fill out checks and have the others cash the fraudulent checks.

{¶4}   The victim testified that on the second day of their scheme, she became scared and told Turk she no longer wanted to help.  Turk forced the victim into his car by threat of violence. The appellant was seated in the front passenger seat of the vehicle. The driver of the vehicle drove to a secluded area and told the victim to be quiet so Turk would not hurt her.

{¶5}   She testified that Turk grabbed her by the hair and pulled her out of the vehicle. He started hitting her in the face, then kicking her in the face; her head hit the vehicle and the asphalt. The victim yelled at the appellant and the other woman in the vehicle, asking them to make Turk stop, but they just faced away from her. The victim entered a nearby business and had them call law enforcement. Law enforcement pulled the vehicle over traveling back to Columbus. During the stop, both Turk and the appellant yelled for the driver to flee. The driver flees, but eventually crashes the vehicle.

{¶6}   The jury found the appellant was guilty of one count of Engaging in a Pattern of Corrupt Activity, thirteen counts of Theft, six counts of Petty, five counts of Possessing Criminal, four counts of Receiving Stolen, three counts of Identity Fraud, four counts of Tampering with, one count of Felonious Assault, two counts of Attempted Theft, one count of Forgery, and one count of Failure to Comply. She was not convicted of the specifications that were attached to the Felonious Assault charge.

{¶7}   On August 7, 2023, the trial court held a sentencing hearing.

**{¶8}** The appellant timely filed a notice of appeal and raised the following three Assignments of Error:

**{¶9}** "I. INSUFFICENT (sic) EVIDENCE AS IT RELATES TO COUNT 29 FELONIOUS ASSAULT IN VIOLATION OF O.R.C. 2903.11(A)(1), 2903.11(D)(1)(A)."

**{¶10}** "II. AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶11}** "III. INEFFECTIVE ASSISTANCE AS IT RELATES TO THE FAILURE TO FILE A MOTION FOR AQUITTALE RELATED TO COUNT 28 WITHIN 14 DAYS OF THE FINAL VERDICT."

### I.

**{¶12}** In the appellant's first assignment of error, the appellant argues that her conviction for Felonious Assault was not based on sufficient evidence. We agree.

### STANDARD OF REVIEW

**{¶13}** The appellant challenges his convictions on both manifest weight and sufficiency of the evidence grounds. Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley*, 164 Ohio St.3d 589, 2021-Ohio-2207, 174 N.E.3d 754:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S.

307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs" R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶219.

**{¶14}** Thus, a review of the constitutional sufficiency of the evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

## ANALYSIS

**{¶15}** R.C. §2925.03, in pertinent part, states:

(A)     No person shall knowingly do either of the following:

(1)     Cause serious physical harm to another or another's unborn;

**{¶16}** R.C. §2923.03, in pertinent part, states:

(A)     No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

…

(2) Aid or abet another in committing the offense

…

(F)     Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he

were the principal offender. A charge of complicity may be stated in terms

of this section, or in terms of the principal offense.

**{¶17}** This Court has held, "[m]ere presence of an accused where the crime is committed is not sufficient to establish aiding and abetting, even if the accused knows a crime is being committed or acquiesces in the criminal conduct of others." *State v. Cook*, 5th Dist. Stark No. 98-CA-00133, 1999 WL 4162 (Dec. 21, 1998) citing *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988). The State must show "the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal" to support a conviction for complicity by aiding or abetting. *State v. Shrider*, 5th Dist. Licking No. 07 CA 111, 2008-Ohio-3648. "Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not aiding or abetting." *Id* at ¶41.

**{¶18}** In *State v. Lee*, law enforcement, found a car identified in connection with the robbery of an electronics store. They then discovered the defendant running in the vicinity of the abandoned car. *State v. Lee*, 5th Dist. Richland No. 2021 CA 0076, 2022-Ohio-2656, ¶35. The evidence also showed that the defendant was riding in the vehicle with a man named "Quan", the name of the man who committed the robbery. *Id.* The State did not show any action on the defendant's part that he supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the robbery and found no stolen items on his person. *Id.* Accordingly, this Court found the mere presence of the defendant was not enough to support a conviction for complicity for aiding and abetting.

**{¶19}** Preliminarily, the appellant's brief states that the appellant "warned" the victim to be quiet or Turk would hurt her. However, a review of the record establishes that it was not the appellant, to whom the victim referred to as "Juju" throughout her testimony, who said this, but rather, another female participant to whom the victim referred to as "that girl" or "the other girl." The case *sub judice* is similar to *Lee* as she was merely present during the felonious assault. Even though the appellant was an active participant in the bank fraud scheme, the State did not allege, nor does the evidence show, any actions the appellant undertook in supporting, assisting, encouraging, cooperating with, advising, or inciting Turk in the commission of the felonious assault. The appellant did not drive the victim to the scene of the assault; she did not threaten the victim; and she did not encourage, advise, or incite Turk into committing the assault. Taken in the light most favorable to the State, the evidence merely shows the appellant was present in the car and turned her head away from victim during the assault.

**{¶20}** Accordingly, the appellant's first Assignment of Error is sustained.

### II., III.

**{¶21}** Due to our disposition in the appellant's first Assignment of Error, Assignments of Error Two and Three are rendered moot.

## CONCLUSION

{¶22}  For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.